IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN ILLINOIS



| ADONAY LARA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CASE NO. 06 C 669 |
| MICHAEL SHEAHAN, Sheriff of Cook County;) | | Judge Ronald A. Guzmán |
| Unknown Individuals, Cook County Guards, | ) | |
| Defendants. | ) | |
| [All Defendants are sued in their individual and/or official capacity] | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff is granted leave to file *in forma pauperis*.

Plaintiff alleges that he was incarcerated for 30 days in the Cook County Jail ("Jail") beginning on February 3, 2005. When he was taken into custody, he asked for paper and a pen, but the guards failed to provide these items. For numerous days, plaintiff was forced to sleep on the floor without a blanket in an unreasonably cold cell and subjected to second-hand smoke and strip searches. During his incarceration, plaintiff was promised that if he worked "in sanitation and performed strenuous work," he would be released sooner. Although plaintiff disliked the work, he cooperated. However, his sentence was not shortened. Finally, plaintiff has been insulted and told that he was a convicted felon and had no rights, even though the guard should have known that he was not a convicted felon but was unlawfully convicted of "something equivalent to less than a petty misdemeanor."

Plaintiff states that the conduct of defendants caused injuries, including back, head, and stomach pain, and various types of emotional distress. He also suffered economic damage, including

interruption of employment, education, and social opportunities, as well as loss of his good name, reputation, and personal standing. He seeks damages.

Under 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *Id.* at § 1915 (e)(2)(B). As it stands, the complaint cannot withstand such a review, and for the reasons contained below, the complaint is dismissed; however, the court will allow plaintiff to submit an amended complaint.

Plaintiff has named as defendants Michael Sheahan and unknown Cook County guards. Although plaintiff has not named the City of Chicago as a defendant, he alleges that the City maintains unconstitutional policies, customs, and wide spread practices. He also complains that the guards are inadequately train and disciplined. All of plaintiff's allegations concern his treatment while he was held at the Jail. The City of Chicago cannot be held liable for the actions of the Sheriff's Department. Illinois law specifically provides that the Cook County Department of Corrections is a department created within the office of the Cook County Sheriff. 55 ILCS 5/3-15002 and 15003. Policies concerning jail operation "are solely under the supervision" of the Sheriff as "an independently-elected constitutional officer." *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 (7th Cir. 2000), *quoting Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). It is the sheriff who has final policymaking authority over jail operations, not the City of Chicago. Because plaintiff has already named Michael Sheahan as a defendant, the court will allow plaintiff to retain Sheahan as a defendant in his official capacity.

Plaintiff also seeks to hold Sheahan liable in his individual capacity. The Seventh Circuit

has repeatedly held that "§ 1983 does not allow actions against individuals merely for their supervisory role of others" and that "individual liability under 42 U.S.C. § 1983 can only be based on a finding that the defendant caused the deprivation at issue." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citations omitted). *See also Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) (*citing Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim. *Palmer*, 327 F.3d at 594. Although direct participation is not necessary, there must at least be a showing that an individual defendant "acquiesced in some demonstrable way in the alleged constitutional violation." *Id.* That is, the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

In the instant action, plaintiff has not alleged that Sheahan was personally involved in the alleged constitutional deprivations. Sheahan therefore cannot be held liable in his individual capacity. Plaintiff has named unknown Cook County Guards as the individuals who allegedly violated his constitutional rights. However, plaintiff cannot obtain damages from defendants unless he serves them personally with summons and he cannot serve them if he does not know who they are. In this circuit, the court recognizes a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the deprivation underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of their immediate supervisor. *Duncan v. Duckworth*, 644 F.2d 653, 654 (7th Cir. 1981). In the instant case,

3

plaintiff has already named Michael Sheahan. Once plaintiff has obtained service on Sheahan, he may send to the attorney representing Sheahan interrogatories, *i.e.*, a list of questions, eliciting information regarding the identity of the defendants who allegedly violated his constitutional rights. Once he learns defendants' identity, whether through these interrogatories or by other means, he should *immediately* seek leave to amend the complaint to substitute their names for those of the unknown Cook County Guards. Summonses will then issue for service on defendants in interest.

Plaintiff makes the following claims: (1) he was denied access to the court and to petition for redress of grievances; (2) he was denied adequate accommodation for sleep; and (3) he was unlawfully arrested, incarcerated, seized, and detained. In addition, he alleges a "corrupt conspiracy," false imprisonment, flashlight privacy, invasion of privacy, defamation, fraud, conversion, and intentional infliction of emotional distress.

First, plaintiff asserts that he was denied access to the court and to petition for redress of grievances. Prisoners have a due process right of access to the courts to give them a reasonably adequate opportunity to present their claims. *Bounds v. Smith,* 430 U.S. 817, 825 (1977). Such access must be adequate, effective and meaningful. *Id.,* 430 U.S. at 822. The court, however, cannot view a challenge in the abstract, and an inmate alleging denial of access to the courts lacks even the standing to assert such a claim in the absence of actual injury, which means an adverse decision in, or inability to litigate, some concrete legal claim. *See Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003) ("[A] right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves."); *Martin v. Davies,* 917 F.2d 336, 340 (7th Cir. 1990) (giving as examples of prejudice

"court dates missed" and "inability to make timely filings"). In the instant case, plaintiff claims that the guards did not give him paper and a pen but that he was able to obtain these items later from other inmates. However, for this to constitute a denial of access to the court, plaintiff must allege actual injury that resulted from not being given the paper and pen when requested. The court therefore will give plaintiff an opportunity to submit an amended complaint as to his denial of access to the court.

Second, plaintiff complains about his conditions of confinement, including sleeping on the floor, an unreasonably cold cell, and exposure to second-hand smoke. Whether these conditions constitute the denial of "basic human needs" or "the minimal civilized measure of life's necessities," *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996), *quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), is a matter to be determined on a more developed record. The court accordingly will allow plaintiff to submit an amended complaint as to this claim. He should be sure and name the defendants who allegedly violated his constitutional rights in the caption of the amended complaint. If he does not know their names, then, as noted above, he should serve interrogatories on Sheahan, once an attorney has filed an appearance on behalf of Sheahan, in an effort to identify these defendants.

Third, plaintiff alleges that he was defamed when a guard insulted him by stating in front of other guards and inmates: "You are a Convicted Felon! You have no rights." Defamation is not a constitutional violation. *Paul v. Davis*, 424 U.S. 693 (1975). This claim is accordingly dismissed.

Fourth, plaintiff alleges that he was subjected to numerous strip searches for no valid reason, worthwhile purpose, or need to preserve institutional security. Strip searches are permissible so long as they are motivated by legitimate penological concerns and performed in a "reasonable" manner.

*See, e.g., Peckham v. Wisconsin Dept. of Corrections*, 141 F.3d 694, 697 (7th Cir. 1998). Plaintiff alleges that the guards engaged in extreme and outrageous conduct for their own entertainment and with the intent to cause him embarrassment and emotional distress. Plaintiff therefore will be allowed to submit an amended complaint on this claim.

Fifth, plaintiff alleges that he was unlawfully arrested, incarcerated, seized, and detained. Sheahan and other Cook County Jail officers cannot be liable for these claims because they acted pursuant to the Illinois County Jail Act, 730 ILCS § 125/4. The Illinois County Jail Act requires a jail to "receive and confine in such jail, until discharged by due course of law, all persons committed to such jail by any competent authority." *Id.* Plaintiff himself states that he was taken into custody when a judge sentenced him to 30 days in the Cook County Jail. *See also Perez-Garcia v. Village of Mundelein*, 2005 WL 991783 (N.D. Ill. Apr. 13, 2005, Conlon, J.). This claim is accordingly dismissed.

Sixth, plaintiff alleges that defendants fraudulently induced him to work in sanitation by promising him a day off of his sentence. He avers that this was involuntary servitude. The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." Putting plaintiff, who was sentenced to 30 days in the jail, to work was not a constitutional violation. *See Kerr v. Puckett*, 138 F.3d 321, 324 (7th Cir. 1998) ("Putting prisoners to work against their will, even scrubbing walls with toothbrushes, is hard to describe as a violation of the Constitution."). This claim is accordingly dismissed.

The court accordingly dismisses the complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint in compliance with this order on the

forms required by Local Rule 81.1 of this court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent. The clerk is directed to send one copy of the civil rights complaint form and instructions for filing along with a copy of this order. If plaintiff does not timely comply with this order, this case shall be dismissed.

**SO ORDERED**   **ENTERED:**

APR 1 3 2006

*Ronald A. Guzman*

**HON. RONALD A. GUZMÁN**

**United States District Judge**